STATE OF MAINE
LINCOLN, SS

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. WISSC-RE-2015-15

|  |  |  |
|---|---|---|
| MAINE STATE HOUSING AUTHORITY | ) | CONSENTED-TO JUDGMENT OF |
|  | ) | FORECLOSURE AND SALE, |
| Plaintiff | ) | WAIVER OF REDEMPTION AND |
| v. | ) | APPEAL, EXTENSION OF OCCUPANCY |
| SHERRY L. SHELTON | ) | AND STIPULATED ADVERTISING |
|  | ) | DEADLINE |
| Defendant | ) |  |
| And | ) | PROPERTY LOCATED AT: |
|  | ) | 61 Gardiner Road, Whitefield, Maine 04353 |
| MAINE STATE HOUSING AUTHORITY | ) | Book 3898, Page 236 |
|  | ) |  |
| Party in Interest | ) | TITLE TO REAL ESTATE IS INVOLVED |
|  | ) |  |
|  | ) |  |

Upon consent of all appearing parties, the Court enters judgment in favor of Maine State Housing Authority (hereinafter "MSHA") and the parties agree that there has been a breach of conditions in MSHA's Mortgage and that there is due MSHA on its Note the remaining principal balance of $104,450.65, together with interest thereon to July 29, 2015 in the amount of $6,482.51 and interest continuing to accrue at the *per diem* rate of $15.30988, late charges of $1,670.25, escrow advances (as of July 29, 2015) of $3,124.64, property inspection charges (as of July 20, 2015) of $120.00, attorneys' fees and costs pertaining to this action in the amount of $2,750.00, and any additional fees and costs incurred through and including the sale of the property.

The order of priority of the liens is:

a. First, to MSHA on its Mortgage, August 17, 2007, and recorded in the Lincoln County Registry of Deeds in Book 3898, Page 236, in the outstanding principal amount of $104,450.65, together with interest and costs as set forth above and additional interest and costs continuing to accrue pursuant to the terms of the Note;

b. Second, to MSHA on its Junior Mortgage Deed, dated March 29, 2010, and recorded in the Lincoln County Registry of Deeds in Book 4264, Page 231, in the amount of an affidavit, if any, filed with the Lincoln County Superior Court prior to disbursement of the proceeds of sale, if any; and

c. Third, to Defendant, Sherry L. Shelton (hereinafter "Defendant"), should there be any surplus funds remaining.

Pursuant to 14 M.R.S.A §§ 1602-B and 1602-C, the prejudgment interest rate is the contracted rate of 5.350% and (by agreement of the parties) the post-judgment interest rate shall be the contracted rate of 5.350% (as opposed to the statutory interest rate of 6.27%).

WHEREFORE, it is hereby expressly directed that an entry of Judgment of Foreclosure and Sale be made in favor of MSHA on COUNT I of its Complaint for Foreclosure by Civil Action, and, therefore, it is hereby ordered that MSHA may sell Defendant's real estate (subject to the extended occupancy period described herein) and disburse the proceeds of the sale, after deducting the expenses thereof, in accordance with this Judgment and 14 M.R.S.A. § 6324. As reflected by the "Seen and Agreed" page attached hereto, Defendant has waived her statutory rights of redemption and appeal.

Defendant and all other occupants are Ordered to vacate the real estate no later than **one hundred eighty (180) days** from the entry of this judgment. If necessary, a Writ of Possession shall be issued against Defendant and all other occupants for possession of said real estate. To the extent that Defendant and all other occupants vacate sooner than the one hundred eighty (180) day deadline set forth above, the parties hereby agree that MSHA will be free to proceed to sell the subject real estate in the ordinary course.

To the extent that all statutory requirements are met, a Writ of Execution shall issue against Defendant for any deficiency which results from the foreclosure sale.

By agreement of the parties, MSHA's deadline to advertise the first of its three (3) required public advertisements shall be two hundred seventy (270) days from the date of judgment entry.

WHEREFORE, Judgment having entered on COUNT I of MSHA's Complaint for Foreclosure by Civil Action, COUNT II of its Complaint for Breach of Contract is hereby dismissed without prejudice.

Pursuant to 14 M.R.S.A. § 2401(3), the Court finds that all parties have received all required notice of the proceedings and that all notice has been given in accordance with the applicable provisions of the Maine Rules of Civil Procedure and if the notice was served or given pursuant to an order of a court, including service by publication, that the notice was served or given pursuant to the order.

The names and addresses of all parties to this action and their counsel are as follows:

Maine State Housing Authority
c/o Christopher L. Brooks, Esq.
Norman, Hanson & DeTroy, LLC
Two Canal Plaza / P.O. Box 4600
Portland, Maine 04112

Sherry L. Shelton
61 Gardiner Road
Whitefield, Maine 04353

The real estate that is the subject of this foreclosure action is situated at 61 Gardiner Road, Whitefield, Maine 04353.

MSHA is Ordered to record an attested copy of this Order in the Lincoln County Registry of Deeds and shall pay for the associated recording fees.

The Clerk is specifically directed pursuant to Rule 79(a) to enter this Judgment on the civil docket by a notation incorporating it by reference.

Dated: _____2-4-2_____, 2016

_____
Justice, Maine Superior Court
Daniel I Billings

**ORDER ENTERED IN COURT'S DOCKET ON:** _____February 4_____, **2016**